UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:21-cr-30-KDB-SCR-1

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **ORDER** |
| ANTHONY DEWAYNE DAYE, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 54].

**I.    BACKGROUND**

On April 21, 2021, the Defendant was indicted for: unauthorized dealing in firearms and aiding and abetting the same in violation of 18 U.S.C. §§ 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2 (Count One); and eight counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Counts Two through Nine). [Doc. 5]. The Defendant had his initial appearance that same day. [April 21, 2021 Minute Entry].

On April 28, 2021, the Court entered a Scheduling Order that set a status conference for June 10, 2021, and made motions to continue due by June 7, 2021. [April 28, 2021 Text-Only Order]. Defense counsel filed three unopposed Motions to Continue because: the defense needed additional time to further review the discovery with the Defendant and engage with the Government regarding potential resolutions [Docs. 10, 12]; counsel was out of the office [Doc. 12]; counsel was unable to access the Defendant because he was in COVID-19 isolation and

1

required more time to counsel Defendant and communicate with the Government regarding plea offers [Docs. 14]; and "[u]nder these circumstances, the ends of justice served by a continuance of the docket call and trial date would outweigh the best interests of the public and the defendant in a speedy trial" [Docs. 10, 12, 14]. The Court found on each occasion "[p]ursuant to 18 U.S.C. § 3161(h)(7)(A), and for the reasons stated in the Motion, [that] … the ends of justice served by continuance outweigh the interest of the public and Defendant to a speedy trial." [Docs. 11, 13, 15].

On November 19, 2021, the Defendant pleaded guilty straight-up before a magistrate judge. [Doc. 48]. The Defendant stated, under oath, that he received a copy of the Indictment and had discussed it with counsel. [Id. at 4]. The Court reviewed the charges and the maximum penalties that apply to each count, i.e. five years imprisonment, no more than three years of supervised release, and a fine of $250,000 for Count One; and for the remaining counts 10 years imprisonment, a period of supervised release, and a fine of $250,000 for the remaining offenses, but if he qualifies as an armed career criminal, a minimum of 15 years imprisonment, a maximum of life, a period of supervised release, and a fine of $250,000. [Id. at 4-7]. The Defendant stated that he understood the charges, had talked to counsel, and understood the maximum penalties that could apply to him. [Id. at 8]. The Defendant agreed that: he understood that pleading guilty may cause him to be deprived of certain civil rights; he discussed with counsel how the sentencing guidelines may apply to his case; the Court would not be able to determine the sentence until a PSR has been prepared and Defendant had an opportunity to comment on it; the sentence may be different than what is called for by the guidelines; the Court will not be bound by the Government's sentencing recommendation; and he would have no right to withdraw the plea even if he receives a sentence more severe than he expects. [Id. at 8-9]. Defendant acknowledged the rights he was

2

waiving by pleading guilty. [Id. at 9-10]. He admitted that he understood all of the charges, that he is guilty of those crimes, that nobody threatened, intimidated, or forced him to plead guilty, and that nobody made any promises of leniency or a light sentence to induce him to plead guilty. [Id. at 11-12]. He acknowledged that he read and understood the Factual Basis, that he discussed it with counsel, and that he agreed with it. [Id. at 11-12]. Defendant agreed that he had enough time to discuss any possible defenses with his lawyer and was satisfied with counsel's services. [Id. at 12].

The written Factual Basis provides in relevant part:

> From early as October 19, 2020 through on or about February 26, 2021, within the Western District of North Carolina and elsewhere, Anthony Dewayne DAYE, aided and abetted by others known and unknown, not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.
>
> On or about October 19, 2020, [October 29, 2020, November 10, 2020, November 19, 2020, December 18, 2020, December 29, 2020, February 1, 2021, and February 26, 2021] in Iredell County … DAYE knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms…. The firearms that were seized from DAYE on or about October 19, 2020 were manufactured outside the state of North Carolina.
> ….
> Anthony Dewayne DAYE was a convicted felon at the time of the offenses for a felony where DAYE's sentence was more than a year and a day and DAYE knew that he had been convicted of a crime punishable by imprisonment for more than a year and a day. DAYE had not been pardoned by any jurisdiction where the conviction occurred. DAYE was a prohibited person at the time of the offenses to possess firearms.

[Doc. 16 at 1-3] (paragraph numbers omitted).

The Presentence Investigation Report (PSR) scored the base offense level as 22 pursuant to U.S. Sentencing Guidelines § 2K2.1(a)(3) for violations of §§ 922(a)(1)(A) and (g)(1), and because the offense involved a semiautomatic firearm that is capable of accepting a large-capacity

3

magazine, and the Defendant committed any part of the offense subsequent to sustaining a felony conviction for a crime of violence or a controlled substance offense (felony common law robbery and felony attempted robbery with a dangerous weapon, Case No. 04CRS57839). [Doc. 29 at ¶ 74]. Six levels were added because the offense involved 25 to 99 firearms pursuant to U.S.S.G. § 2K2.1(b)(1)(C). [Id. at ¶75]. One level was added because any firearm had an altered or obliterated serial number pursuant to U.S.S.G. § 2K2.1(b)(4)(B).[1] [Id. at ¶ 76]. Four levels were added because the Defendant engaged in trafficking firearms pursuant to U.S.S.G. § 2K2.1(b)(5). [Id. at ¶ 77]. This resulted in an adjusted offense level of 33. [Id. at ¶ 81]. Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 30. [Id. at ¶¶ 83-85]. The Defendant had six criminal history points and a criminal history category of III. [Id. at ¶¶ 98-99]. The advisory guideline range was, therefore, 121 to 151 months' imprisonment. [Id. at ¶ 135].

A sentencing hearing came before the Court on July 20, 2022. [Doc. 49]. The Defendant stated that he had read the PSR, understood it, and had all the time he wanted to discuss it with counsel. [Id. at 2-3]. Defense counsel objected to the PSR's trafficking enhancement because there was insufficient evidence that the undercover officer who purchased firearms from Defendant intended to dispose of them unlawfully. [Id. at 3-7]. The Court overruled the objection because the offense conduct clearly shows that the Defendant was on notice that there would be further illegal use of the firearms. [Id. at 9-10]. Defense counsel requested a below-guideline sentence based on factors including the Defendant's history and characteristics, and because the Government's conduct had inflated the Defendant's sentencing exposure. [Id. at 11-17]. The Defendant apologized for his conduct. [Id. at 17]. The Government requested a sentence at the top of the

---

[1] This is usually a four-level enhancement, but the cumulative offense level under subsections (b)(1) through (b)(4) cannot exceed 29. [See Doc. 29 at ¶ 76].

4

guideline range of 151 months' imprisonment based on factors including the seriousness of the Defendant's conduct, his criminal history, and deterrence. [Id. at 18-23]. The Court imposed a total sentence of 151 months' imprisonment, consisting of 60 months for Count One, 120 months for Count Two, concurrent, and 31 months for Counts Three through Nine, concurrent with each other but consecutive to Counts One and Two, followed by three years of supervised release. [Id. at 27-28]. The Judgment was entered on July 21, 2022. [Doc. 39].

On direct appeal, the Defendant argued that his guilty plea was not knowing and intelligent, and that his sentence is procedurally and substantively unreasonable. The Fourth Circuit Court of Appeals affirmed. It found that the sentence is procedurally and substantively reasonable, and that no reversible error occurred regarding the guilty plea. The Fourth Circuit found that the magistrate judge complied with Rule 11 by properly advising him of the maximum statutory penalties for each count, and properly informed him of the significance of supervised release. Although the magistrate judge failed to advise him of the three-year maximum term of supervised release, vacatur of the guilty plea was not warranted because the Defendant failed to show that this error affected his substantial rights, as he failed to establish that he would not have pleaded guilty absent the error. The Fourth Circuit identified a clerical error in the Judgment by incorrectly noting that Count Nine occurred on February 26, 2020 rather than February 26, 2021, and remanded for correction of that error. United States v. Daye, 2024 WL 163086 (4th Cir. Jan. 16, 2024). The Defendant did not seek certiorari review. [See Doc. 54 at 31]. The Court entered the Amended Judgment correcting the clerical error on February 8, 2024. [Doc. 52].

The Defendant filed the instant § 2255 Motion to Vacate on March 13, 2024.[2] [Doc. 54].

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Rule 3(d), 28 U.S.C. foll. § 2255 (addressing inmate filings).

He argues that counsel was ineffective for failing to move to dismiss the Indictment: because it omits the "knowingly or willingly" element of § 924(a)(2); as duplicitous; and for violating Defendant's right to a speedy trial. [Id. at 4-22] (reorganized and restated). He asks the Court to dismiss the Indictment with prejudice. [Id. at 8, 22]. The Court order the Government to respond. [Doc. 55]. It argues that the Motion to Vacate should be denied because the Defendant has not shown deficient performance or prejudice. The Defendant has not replied and the time to do so has expired. This matter is, therefore, ripe for disposition.

## II. SECTION 2255 STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the Defendant is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Defendant can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION[3]

---

[3] The Defendant's claims have been reorganized and restated. Any arguments or subclaims that are not specifically addressed have been considered and rejected, including those that are completely conclusory and/or frivolous. [See, e.g., Doc. 54 at 6-15 (arguing that: defense counsel committed fraud and was "hired by the Government;" defense counsel, the Court, and the Government engaged in a conspiracy; the Indictment failed to ensure that he was prosecuted only for facts presented to the Grand Jury; and the Court adhered to an unknown sentencing policy)]; see

The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. Const. Amend. VI. To show ineffective assistance of counsel, a defendant must first establish deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). The deficiency prong turns on whether "counsel's representation fell below an objective standard of reasonableness ... under prevailing professional norms." Id. at 688. A reviewing court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington v. Richter, 562 U.S. 86, 104 (2011) (quoting Strickland, 466 U.S. at 689). The Strickland standard is difficult to satisfy in that the "Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." See Yarborough v. Gentry, 540 U.S. 1, 8 (2003). The prejudice prong inquires into whether counsel's deficiency affected the judgment. See Strickland, 466 U.S. at 691. A defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In considering the prejudice prong of the analysis, a court cannot grant relief solely because the outcome would have been different absent counsel's deficient performance, but rather, it "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, a defendant "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the

---

generally United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court).

defendant fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), *vacated on other grounds*, 218 F.3d 310 (4th Cir. 2000).

First, the Defendant contends that the Indictment failed to allege the "knowingly or willingly" element of § 924(a)(2), which was required to support his § 922(g) convictions. [Doc. 54 at 4-8].

In Rehaif v. United States, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 588 U.S. 225, 237 (2019).

In the instant case, the Indictment charged the Defendant with violating § 922(g)(1) by "knowingly" possessing firearms while "knowing that he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year…." [Doc. 5]. The Indictment thus satisfied the Rehaif requirements that the Defendant knew both that he possessed firearms, and that he was a convicted felon. Counsel cannot be deemed deficient for failing to raise this meritless Rehaif objection, and it would have been rejected had counsel raised it. See Knowles v. Mirzayance, 556 U.S. 111, 123 (2009) ("this Court has never required defense counsel to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success.").

Second, the Defendant contends that counsel should have argued that Count One is duplicitous. [Doc. 54 at 11-13]. He claims that Count One charges him with "multiple offenses" i.e., violations of 18 U.S.C. §§ 922(a)(1)(A) and 923(a) which "are the same conduct…," as well as two "sentencing provisions," i.e, 18 U.S.C. 924(a)(1)(D) and (a)(1)(D)(2), neither of which applies to Count One. [Id. at 11-12].

8

"Duplicity is defined as the joining in a single count of two or more distinct and separate offenses." United States v. Hawkes, 753 F.2d 355, 357 (4th Cir. 1985) (internal quotation marks omitted). "Duplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused double count." United States v. Robinson, 627 F.3d 941, 957 (4th Cir. 2010).

As a preliminary matter, the Defendant's contention that the Indictment cites § 924(a)(1)(D)(2) is mistaken. Count One charges that the Defendant violated "Chapter 44, Title 18, United States Code … Sections 922(a)(1)(A), 923(a), 924(a)(1)(D), and 2." [Doc. 5 at 1]. Section 924(a)(1)(D) addresses sentencing, and § 2 addresses aiding and abetting.

The Indictment is not duplicitous. Section 922(a)(1) provides that it is unlawful for any person to deal in firearms without a license, § 923(a) sets forth firearms licensing requirements, and § 2 addresses aiding and abetting. Together, these statutes define the offense of unauthorized dealing in firearms, and aiding and abetting the same, that the Defendant was charged with violating. Section 924(a)(1)(D) provides that willful violations of "any other provision of this chapter" – which includes §§ 922 and 923 – are punishable by a fine, imprisonment for not more than five years, or both. Counsel was not deficient for failing to raise a frivolous duplicity argument, and any such objection would have been denied. See Knowles, 556 U.S. at 123.

Third, the Defendant contends that defense counsel was ineffective for failing to ensure he received a speedy trial because counsel's requests for continuances were frivolous, fraudulent, and did not benefit the Defendant.[4] [Doc. 54 at 14-22].

---

[4] The Defendant also contends that the Court "suggested" that counsel request continuances by including a continuance deadline in its pretrial Orders, and failed to adequately justify its reasons for granting the continuances. To the extent that the Defendant is attempting to raise substantive speedy trial claims, they were waived by the Defendant's knowing and voluntary guilty plea, and are procedurally defaulted from § 2255 review. [see Doc. 57 at 11, n.1].

9

Case 5:21-cr-00030-KDB-SCR   Document 58   Filed 07/11/24   Page 9 of 11

The Speedy Trial Act requires that an information or indictment be filed within thirty days of an individual's arrest or service with a summons, and that a criminal trial commence within seventy days of the latest of the filing of the indictment, the information, or appearance. 18 U.S.C. § 3161(b) & (c)(1). Periods of delay may be excluded from the seventy-day period, for instance, for pretrial motions or when the ends of justice served by continuing the case outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h).

The record conclusively demonstrates that counsel's Motions were justified because additional time was needed, e.g., to review the evidence with the Defendant and to conduct plea negotiations, and that the Order granting the continuances complied with the law. The Defendant's unsupported contentions that counsel did not act in his best interests, that the continuances were unjustified, and that the Court somehow influenced counsel's decision to seek continuances, are vague, conclusory, and refuted by the record. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the district court). The Defendant has failed to establish prejudice because a speedy trial dismissal would have been without prejudice. See United States v. Thomas, 305 F. App'x 960 (4th Cir. 2009) (finding that counsel's failure to move to dismiss the indictment based on the Speedy Trial Act was not prejudicial because dismissal would have been without prejudice). The Defendant's claims that counsel provided ineffective assistance with regards to the Speedy Trial Act are, therefore, dismissed and denied.

### IV. CONCLUSION

For the foregoing reasons, the Motion to Vacate is dismissed and denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Motion to Vacate [Doc. 54] is **DISMISSED AND DENIED.**

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a Defendant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a Defendant must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: July 11, 2024

*[Signature]*

Kenneth D. Bell
United States District Judge